IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BARBARA ANDERSEN, ) | Case No. 1:22-CV-00627 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| GREGORY A. THOMPSON, *et al.*, ) | |
| ) | |
| Defendants. ) | **REPORT AND RECOMMENDATION** |
| ) | |

Currently pending before this court is plaintiff, Barbara Andersen's motion to voluntarily dismiss two of the defendants, Frank Beier and Jeffrey Street (ECF Doc. 72), whom she added to the proceedings in her amended complaint.

Under Federal Rule of Civil Procedure 21, the court has discretion to dismiss "misjoined" parties. "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. Andersen assets that Beier and Street "back-peddled" from their alleged "demands" in various YouTube videos to be defendants in this litigation. *See* ECF Doc. 72 at 1. Consequently, Andersen states that "these defendants are simply all talk/no action and Andersen can address them (as before) through YouTube and her own channel." ECF Doc. 72 at 2.

As neither defendant has entered an appearance on the record, there appears to be no prejudice to either Beier or Street in removing them from the case. Accordingly, Andersen's motion to voluntarily dismiss these two defendants (ECF Doc. 72) should be granted.

Dated: October 14, 2022

Thomas M. Parker
United States Magistrate Judge

---

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C. § 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, \*6 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).