IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BARBARA ANDERSEN, ) | Case No. 1:22-CV-00627 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| GREGORY A. THOMPSON, *et al.*, ) | |
| ) | |
| Defendants. ) | **REPORT & RECOMMENDATION** |
| ) | |

Currently pending before the court is defendant Gregory A. Thompson's motion to dismiss the plaintiff Barbara Andersen's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b) (ECF Doc. 89). Thompson contends that the amended complaint must be dismissed under Fed. R. Civ. P. 12(b)(4) and (5) for insufficient service of process. See ECF Doc. 89. Although Andersen has not responded – and likely would not because of the comments I made in a recent status conference – and because the time for opposing the motion has passed, the motion is ripe for review.

Before filing a responsive pleading, a party may move to dismiss any claim for insufficient process and service of process. See Fed. R. Civ. P. 12(b)(4) and (5). However, if a party fails to assert the defense of insufficiency process or service of process in a motion to dismiss or in a responsive pleading, the defense is waived. See Fed. R. Civ. P. 12(h)(1).

Thompson's motion to dismiss should be denied because it is procedurally improper. On October 22, 2021, Andersen filed a complaint against Thompson and others. ECF Doc. 1. On

March 6, 2022, Thompson moved to dismiss the complaint but did not assert the defense of insufficiency process or insufficient service of process. See ECF Doc. 35. Then, on March 22, 2022, Thompson filed an answer that also failed to assert the defenses of insufficiency process or insufficient service of process. ECF Doc. 41. Moreover, even as to the amended complaint, Thompson answered the amended complaint prior to filing his motion to dismiss and again failed to raise the defenses. See ECF Doc. 86. Because Thompson has not previously asserted the defenses under Fed. R. Civ. P. 12(b)(4) and (5), he has waived any challenge to the complaint and the amended complaint on those grounds. See Fed. R. Civ. P. 12(h)(1). Accordingly, I recommend that Thompson's motion to dismiss (ECF Doc. 89) be DENIED.

Dated: November 23, 2022

Thomas M. Parker
United States Magistrate Judge

---

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report & recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge

without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, at *6 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878–79 (6th Cir. 2019).