IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA ANDERSEN, | ) | Case No. 1:22-CV-00627 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| GREGORY THOMPSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

When Forrest Fenn decided to hide his "treasure," he likely had little idea of the ensuing legal mayhem his conduct would inspire. Now, however, we are near the end of at least this court's role in the never-ending tale. Currently pending before the court is plaintiff Barbara Andersen's motion for default judgment against defendant Treasure Seekers Brutal Truth LLC ("Treasure Seekers") (ECF Doc. 95) for its failure to participate and defend itself in the case.

For the reasons discussed below, I recommend that: (i) Andersen's motion for default judgment (ECF Doc. 95) be DENIED as moot, and (ii) Andersen's amended complaint be DISMISSED for failure to state a claim for relief, or alternatively, that the case be set for trial immediately. Additionally, based on Andersen's conduct in litigating this action, I recommend that the court sanction Andersen pursuant to the court's inherent authority.

I. **Motion for Default Judgment**

Andersen moves for the entry of default against Treasure Seekers under Fed. R. Civ. P. 55(b). Despite being served (*see* ECF Doc. 88), Treasure Seekers has not done anything in

these proceedings. As such, default would normally be proper against it. *See* Fed. R. Civ. P. 55(a). However, Andersen has yet to apply to the Clerk of Courts for the entry of default, which is required under Rule 55(a) prior to the court entering default judgment pursuant to Rule 55(b)(2). *See Nat'l Auto Grp., Inc. v. Van Devere, Inc.*, No. 5:20-CV-2543, 2021 U.S. Dist. LEXIS 88508, at *3-4 (N.D. Ohio May 10, 2021). Accordingly, Andersen's motion would be due to be denied. But, as discussed below, Andersen's amended complaint fails to state a claim for relief. Accordingly, I recommend that Andersen's motion for default judgment be DENIED as moot upon the dismissal of her complaint.

## II. Dismissal of Amended Complaint

A district court may consider dismissal of a claim *sua sponte*, and may dismiss a claim after notifying the parties of its intent to do so and providing them with an opportunity to be heard on the issue. *See Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983). To determine whether a pleading fails to state a claim for relief, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts as true. *Iqbal*, 556 U.S. at 679. Moreover, the court has an "independent obligation" to ensure subject matter jurisdiction exists. *See Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 973 (6th Cir. 2009) (citing *Olden v. LaFarge Corp.*, 383 F.3d 495, 498 (6th Cir. 2004)).

On review of Andersen's amended complaint, and with the benefit of the parties' further filings, I find that Andersen's amended complaint fails to state a claim for copyright

infringement and fails to adequately allege the amount-in-controversy to support the court's diversity jurisdiction. Accordingly, I recommend that Andersen's complaint be dismissed.

Against a melodramatic backdrop, Andersen raises four claims against Thompson and his limited liability corporation, Treasure Seekers. *See* ECF Doc. 69. She cites both federal question jurisdiction and diversity jurisdiction as grounds for the court's power to hear the case. ECF Doc. 69 at 7. As to Count 1, Andersen alleged that Thompson and Treasure Seekers infringed upon her "copyrighted" YouTube videos by "copying and pasting materials from her channel into their channel." ECF Doc. 69 at 7, 9. For this infringement, Andersen seeks injunctive and statutory damages, under "17 U.S.C. § 502(c)". ECF Doc. 69 at 10-11. Notably absent is any allegation that Andersen registered copyrights for her YouTube videos, despite Thompson's prior motion to dismiss on that ground. *See generally* ECF Doc. 60; ECF Doc. 69.

Claims for copyright infringement fall under 17 U.S.C. § 501. Although 17 U.S.C. § 502 addresses injunctive relief for infringement claims, it does not address statutory damages. In fact, "§ 502(c)", cited by Andersen, does not exist. Rather, statutory damages are provided for under 17 U.S.C. § 504(c). Regardless, although the lack of registration does not negate a federal court's jurisdiction, it does render Andersen's claim for copyright infringement insufficient. Claims for copyright infringement under the Copyright Act require the copyright holder to register their work *before* suing, in order to obtain 17 U.S.C. § 501's remedies. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157-158 (2010) ("[Section 411] establishes a condition – copyright registration – that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the Act's remedial provisions"]; *see also Miller v. Hurst*, No. 21-5506, 2022 U.S. App. LEXIS 2494, at *1 (6th Cir. Jan. 26, 2022) ("[R]egistration of a copyright is a statutory precondition to filing suit for copyright infringement." (citing 17 U.S.C. § 411(a)).

3

Andersen's complaint cites precedent from the Eighth Circuit Court of Appeals permitting injunctive relief *despite* a copyright holder's lack of registration. *See* ECF Doc. 69 at 10-11. First, this court is not bound by the out-of-circuit decision. *Wright v. Spaulding*, 939 F.3d 695, 699 (6th Cir. 2019) ("Of course, what binds us here is not the precedent of other circuits but the precedent of this one."). Second, the Sixth Circuit has recognized that "the default rule is that only those who owned an exclusive right in a registered copyright at the time of the infringement may bring suit." *Joe Hand Promotions, Inc. v. Griffith*, 49 F.4th 1018, 1022 (6th Cir. 2022). This applies to any action brought under 17 U.S.C. § 501, from which § 502's provision for injunctive relief stems. *See* 17 U.S.C. §§ 501, 502; *Joe Hand Promotions, Inc.*, 49 F.4th at 1021. Although an exception to the registration requirement exists for live broadcasts, that exception requires the registration of the copyrighted broadcast occur within three months of the live broadcast. *See Joe Hand Promotions, Inc.*, 49 F.4th at 1022. Because Andersen has not alleged that she registered *any* of the videos or live-streamed events she alleged Thompson infringed upon, her claim for copyright infringement fails.

Additionally, Andersen raises the following state-law claims against Thompson: (i) false light (Count 2); (ii) intentional infliction of emotional distress (Count 3); and (iv) defamation (Count 4). Because I find that Andersen's copyright claim – which is her sole ground for invoking the court's federal question jurisdiction – is insufficient and is due to be dismissed, her state law claims must be sufficiently alleged to meet the court's diversity jurisdiction in order for her to proceed before this court.

District courts have diversity jurisdiction "over cases in which the citizenship of the plaintiff is diverse from the citizenship of each defendant" and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

4

Generally, a plaintiff's alleged amount in controversy is accepted if made in good faith – until it is questioned by the defendant or by the court. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). "The party invoking federal court jurisdiction . . . has the burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met." *See Cleveland Hous. Renewal Proj. v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).

The Sixth Circuit has dismissed an action when it finds "to a legal certainty that these claims [of damages] are really for less than the jurisdictional amount." *Ozormoor*, 354 F. App'x at 973 (citing *Gill v. Allstate Ins. Co.*, 458 F.2d 577, 579 (6th Cir. 1972)); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) (jurisdiction is absent "if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount."). And conclusory assertions of damages will not satisfy this burden. *See Encore Energy, Inc. v. Morris Ky. Wells, LLC*, No. 20-5161, 2020 U.S. App. LEXIS 31715, at *6-7 (6th Cir. 2020) (affirming the district court's refusal to give leave to file an amended complaint due to plaintiff's "proposed, conclusory, and speculative amendment" regarding the amount in controversy); *see also Bey v. Ally Bank, Inc.*, No. 22-5273, 2022 U.S. App. LEXIS 31726, at *5-6 (6th Cir. 2022) (affirming the lack of diversity jurisdiction based on pro se plaintiffs' allegations of "damages in the millions of dollars [that were] not factually or legally supported").

Andersen's allegations of damages can generously be described as sparse. In her amended complaint, Andersen makes the following allegations regarding her damages:

5

- "[T]he chest value and the business opportunities available to Andersen exceed $75,000," (ECF Doc. 69 at 17);

- "Andersen [seeks] a monetary award against the Defendants for the damage to her reputation in this multi-million dollar treasure hunt by their constant malicious, defamatory and harassing online conduct in a[n] approximate two year smear campaign." (ECF Doc. 69 at 22);

- "In addition, Andersen seeks monetary damage against the Defendants in that their constant harassment of Andersen has damaged her reputation as the real solver of the Fenn puzzle." (ECF Doc. 69 at 26);

- "In that Thompson and the co-Defendants escalated their misconduct after Andersen's demands to stop, Andersen is asking for monetary damage to compensate her for damage to her reputation. Andersen is also asking for monetary compensation in that the domestic court of New Mexico, while denying jurisdiction, advised Thompson that he and his YouTube "friends" should stop harassing and defaming Andersen." (ECF Doc. 69 at 27).

Andersen provides no other information as to the "business opportunities" she lost (nor do they appear to relate in any way to her claims of defamation or false light) or any specific "damage" to her reputation. *See generally* ECF Doc. 69. Throughout her amended complaint, however, Andersen holds fast to the claim that she is the true solver of the treasure hunt and is in possession of the treasure. Likewise, Andersen admitted at the hearing held on May 5, 2023 that Thompson had no authority in naming or determining who the real "solver" of Forrest Fenn's treasure was. Accordingly, Andersen appears to have suffered no actual harm, given that she says she is in possession of the only item of discernible value and she admits that Thompson lacks the authority to dispute her claim as the true "finder" of Forrest Fenn's treasure. Moreover, her conclusory assertion of damages are insufficient to satisfy the amount in controversy requirement. And dismissal is warranted. *See Cobble v. Value City Furniture*, No. 3:06-CV-00229, 2006 U.S. Dist. LEXIS 41696, at *6-7 (W.D. Ky. Jun. 19, 2006) (finding that unspecified claims of mental duress in the prayer for relief, without any factual allegations in the complaint, failed to satisfy the amount-in-controversy requirement); *Sheehan v. Weber*, No. 91-C-3608,

6

1991 U.S. Dist. LEXIS 11430, at *6-7- (N.D. Ill. Aug. 14, 1991) (finding that "conclusory allegations regarding unspecified future expenses and pain" failed to satisfy the amount in controversy requirement). Based on the amended complaint's allegations, I find that it is a legal certainty that the conclusory, speculative, and ambiguous allegations in the complaint are for less than the amount-in-controversy requirement for diversity jurisdiction.

Thus, I recommend that Andersen's copyright claim be dismissed with prejudice and that her state-laws be dismissed without prejudice. *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 916 (6th Cir. 1986) ("Normally, Rule 12(b)(6) judgments are dismissals on the merits and Rule 12(b)(1) dismissals are not."). Alternatively, should the court disagree with my recommendation, I recommend that the court set the case for trial as soon as permissible.

### III. Sanctions Against Andersen

Further, I recommend[1] that the district court impose sanctions against Andersen for her behavior during this litigation, pursuant to the court's inherent authority.

A district court has the inherent authority to sanction parties – not just their counsel – "when a party litigates in bad faith, vexatiously, wantonly, or for oppressive reasons." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) (internal quotation marks omitted); *see also Hobbs v. Faulkner*, No. 19-3303, 2021 U.S. App. LEXIS 21669, at *5 (6th Cir. 2021). This authority emanates from the court's inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process." *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). Sanctions under this provision must satisfy a dual purpose: (i) to "vindicate

---

[1] Magistrate judges must proceed by report and recommendation when addressing sanctions based on the court's inherent authority. *Cone v. Tessler*, No. 16-11306, 2019 U.S. Dist. LEXIS 39381, at *2 n.1 (E.D. Mich. Feb. 15, 2019).

7

judicial authority" and (ii) to make the prevailing party whole for expenses caused by his opponent. *See Hobbs*, 2021 U.S. App. LEXIS 21669, at *6 (ordering that the plaintiff pay $1,000 to the defendant in light of these dual purposes).

Andersen's conduct throughout this litigation exemplified the vexatiousness that abuses the judicial process. During this litigation, Andersen has:

- Filed 26 separate motions, the *vast* majority of which were unrelated to the conduct or harassment alleged in Andersen's amended complaint;

- Sent dozens of emails[2] to the court (i) unrelated to the administration of the case – in violation of the court's explicit instructions to the contrary; and (ii) raising unsubstantiated claims of harassment by Thompson unrelated to the claims in her complaint (which typically prompted responses by Thompson);

- Caused third parties to file complaints with the court regarding Andersen's behavior towards them; and

- The inclusion of claims against and subsequent voluntary dismissal of two parties – purely on the grounds that "these defendants are simply all talk/no action and Andersen can address them (as before) through YouTube and her own channel" (ECF Doc. 72 at 2).

In addition, Andersen's filings have routinely missed the mark. Rather than addressing the conduct at issue in her complaint, Andersen has focused the court's attention to statements Thompson has allegedly made *after* the filing of her complaint and an incomprehensible insistence that – despite the legal claims raised in her amended complaint – the possession over Forrest Fenn's treasure chest (which she admits Thompson has no authoritative role in) is at the heart of this dispute. For example, Andersen attached to her motion for default judgment an image allegedly photoshopped to contain Andersen and her dog.[3] *See* ECF Doc. 95-1. Andersen also devoted countless pages filed or emailed during this litigation to a description of the "solve"

---

[2] Attached as Exhibit 1.
[3] The court notes that both the undersigned magistrate judge and his two law clerks have examined the photo and they agree – nothing about the attached image is comprehensible.

for Forrest Fenn's treasure and offered numerous times to testify to her alleged solution to it. All this implies that Andersen simply wanted to use this action as a way to get someone, in this case the court, to declare her the "winner" of this contest.

I find that Andersen's behavior is the touchstone of what constitutes an abuse of the court system *by an attorney*. Her countless ex-parte emails have been a flagrant violation of the court's instruction that emails be limited to administrative matters. Her filings have almost always been unrelated to the actual claims in her amended complaint or so nebulously vague in their assertions no action was warranted. Such conduct is even more concerning in light of Andersen's readiness to cite her experience litigating and her status as an active attorney during the majority of this litigation.[4] Accordingly, I recommend that Andersen be ordered to pay $500 to Thompson for the burden and expense she has placed on him due to her obstinacy in pursuing this litigation. *See Hobbs*, 2021 U.S. App. LEXIS 21669, at *5-6.

### IV.     Conclusion

Because Andersen's amended complaint fails to state a viable copyright claim and fails to alleged sufficient damages to satisfy diversity jurisdiction's amount-in-controversy requirement, I recommend that Andersen's motion for default judgment (ECF Doc. 95) be DENIED as moot and her amended complaint be dismissed. If not accepted, then the case should be set for trial as soon as an opening is available on the court's calendar. All pretrial activities are complete.

Moreover, because of Andersen's abuse of and disregard for the judicial system, I recommend that she be sanctioned and ordered to pay Thompson $500.

Dated: July 14, 2023

                                  Thomas M. Parker
                                  United States Magistrate Judge

---

[4] The Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois's attorney search indicates that Andersen was actively licensed to practice in the state of Illinois until 2023, and has now formally retired. *See* Exhibit 2.

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C. § 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, *6 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).