IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BARBARA ANDERSEN, | Case No. 1:22-cv-627 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| GREGORY THOMPSON, *et al.*, | |
| Defendants. | **REPORT AND RECOMMENDATION** |

Currently pending before the court are defendant Gregory Thompson's "motion for default" (ECF Doc. 125) and plaintiff Barbara Andersen's motion to strike (ECF Doc. 131). For the reasons set forth below, I recommend that the "motion for default" be DENIED as MOOT and the motion to strike be DENIED.

**I.  Background**

On August 16, 2023, the court issued a memorandum opinion and judgment that dismissed plaintiff Barbara Andersen's amended complaint (ECF Doc. 69) for failure to state a claim and terminated the action. ECF Docs. 122, 123. The court further sanctioned Andersen for her conduct during the litigation and ordered her to pay defendant Gregory Thompson $500. ECF Doc. 123. On January 3, 2024, Thompson filed a "Motion for Default on Barbara Andersen Sanctions." ECF Doc. 125. In relevant part, Thompson asserted that Andersen had not only failed to pay the $500 but that she "also went on YouTube stating she will not pay and defying the court sanctions." *Id.* at 1.

The court issued an order to show cause that: (i) disregarded portions of the "motion for default" that alleged claims for damages, because they were outside the scope of the instant case; and (ii) construed the remainder of the "motion for default" as a motion for order to show cause. ECF Doc. 126. Moreover, Andersen was ordered to show cause: "(i) why she has not complied with the court's judgment and paid the $500 sanction to Thompson; and (ii) why she should not be held in contempt of court for failing to do so."

Andersen filed a response and supplemental response to the show cause order. ECF Docs. 127, 128. In part, Andersen notified the court that she had mailed a $500 check to Thompson. ECF Doc. 128. The court ordered Thompson to notify the court when he had received and deposited the check or if there were any issues. ECF Doc. 129. Subsequently, Thompson filed two responses (ECF Docs. 130, 131) to the court's order for notification (ECF Doc. 129) and Andersen submitted two filings (ECF Docs. 132, 133) in response to ECF Doc. 131. In relevant part, Thompson informed the court that a $500 personal check received from Andersen could not be deposited due to several claimed deficiencies. ECF Doc. 131. Andersen informed the court that she had since electronically transferred the $500 sanctions amount to Thompson via Zelle® transfer. ECF Doc. 133.

The court ordered Thompson to file notice with the court as to whether he received the electronic transfer of funds from Andersen. ECF Doc. 134. Within his response filing, Thompson verified that Andersen had electronically transferred $500 to his business account. ECF Doc. 135 at 2.

**II.     Discussion**

The Court referred the dispute over the non-payment of a sanctions award by Andersen – brought to the court's attention by the "motion for default" filed by Thompson (ECF

2

Doc. 125). Andersen was previously sanctioned by the court based on abuse of the judicial process, partially due to her filing many motions and sending dozens of emails that were unrelated and irrelevant to the instant action and to the administration of the case. *See* ECF Doc. 119 at 8; ECF Doc. 122 at 2.

After referral of the instant dispute, these two erstwhile lovers ironically flooded the court with several examples of their incessant, vituperative, nitpicking bloviation, nearly all of which was irrelevant to the matter referred. Confirming the truth expressed by Shakespeare, "See, what a scourge is laid upon your hate . . . . All are punished." WILLIAM SHAKESPEARE, ROMEO & JULIET, act 5, sc. 3.

But a molecule of verity emerged from these filings. As a result of the orders issued by the undersigned, it has now been confirmed that Andersen has sent to an account Thompson controls the $500 sanctions award. *See* ECF Doc. 135 at 2.

I find that Andersen has shown cause why she should not be held in contempt for non-payment of the sanctions order. I offer no comment on the many other allegations of the parties, which are almost entirely irrelevant to the instant dispute.[1]

We have nothing more to do. I recommend that the "motion for default" be DENIED as MOOT. All other prayers for relief should be disregarded; we have no jurisdiction over or role in that bitter contest. Toward that end, Thompson's prayers for additional relief and Andersen's motion to strike (ECF Doc. 132) should be DENIED.

---

[1] The parties evidently think it is a good use of their time and energy to incessantly to criticize and attack one another. But the instant proceedings are not the appropriate forum, and the court lacks any jurisdiction over the multitude of claims the parties now raise. Stated more colloquially, we have no dog in that fight.

3

**IT IS SO ORDERED.**

Dated: March 13, 2024

                                              Thomas M. Parker
                                              United States Magistrate Judge